# FILED

AUG 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRACE HENZLER; et al., | No. 09-35597 |
| Plaintiffs - Appellants, | D.C. No. 3:07-cv-00220-TMB |
| v. | |
| KEN SALAZAR, in his official capacity as Secretary of the Interior; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted July 26, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Grace Henzler and other heirs of Dick George ("Henzler") appeal the district

court's summary judgment in favor of the Secretary of the Interior. Based on its

detailed review of the record, the district court found that "the Plaintiffs have failed

to present credible evidence raising a factual issue related to due process and the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1930 rejection of George's allotment application. The record establishes that the minimum requirements outlined in *Pence v. Kleppe* were met at the time the GLO closed George's file." We agree. Accordingly, we affirm.

This Court defers to an agency's reasonable interpretation of its regulations. *Martin v. Occupational Safety & Health Review Comm'n*, 499 U.S. 144, 150 (1991). Under its reasonable interpretation of 43 C.F.R. pt. 4, the Interior Board of Land Appeals generally does not have authority to overrule a decision that was approved by an Assistant Secretary. *Blue Star, Inc.*, 41 I.B.L.A. 333, 335 (1979). The Secretary is required, however, to provide procedural due process to qualifying Alaska Native Allotment Applicants. *Pence v. Kleppe*, 529 F.2d 135, 142 (9th Cir. 1976). In cases involving a colorable claim that an applicant was denied procedural due process, the IBLA can and has overruled decisions even though approved by an Assistant Secretary. *See, e.g.*, *Heirs of Alexander Williams*, 121 I.B.L.A. 224 (1991); *Ellen Frank*, 124 I.B.L.A. 349 (1992). By failing to present credible evidence raising a factual issue related to due process, Henzler failed to establish a colorable claim that Dick George was denied procedural due process.

**AFFIRMED.**